**WO**                                                                                                           RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Lee Spencer, ) | No. CV 08-401-PHX-SMM (JJM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Jeffrey A. Sharp, ) | |
| Defendant. ) | |

Plaintiff Clinton Lee Spencer, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and four motions (Doc. ##5, 6, 7, and 8). The $350.00 filing fee has been paid.

The Court will order the Defendant to answer the Complaint, grant one motion (Doc. #5), and deny the remaining motions (Doc. ##6, 7, and 8).

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint

Named as Defendant in the Complaint is Jeffrey A. Sharp, employed as a physician with the Arizona Department of Corrections (ADOC).

Plaintiff alleges three counts in the Complaint in which he claims that Defendant Sharp violated his Eighth and Fourteenth Amendment rights by treating him with deliberate indifference to his serious medical needs. In Count I, Plaintiff claims that Defendant Sharp deliberately overdosed him with insulin, resulting in a "Trauma One" seizure.

In Count II, Plaintiff claims that he fell from his bunk due to an insulin overdose and fractured his foot, and that Defendant Sharp failed to have x-rays done or to prescribe anything for pain when Plaintiff complained of pain and inability to walk two months after the fall. Plaintiff further claims that nine months after the fall, Defendant Sharp confirmed that Plaintiff had broken his foot but delayed and denied Plaintiff any pain medication and denied Plaintiff any repair of his broken foot.

In Count III, Plaintiff claims Defendant Sharp has denied him a balanced American Diabetes Association (ADA) diet "with calories commensurate to an appropriate level as determined by a Nutritionist."

Plaintiff seeks a jury trial, compensatory and punitive monetary damages, reasonable costs, and attorney's fees.

Liberally construed, Plaintiff's Complaint adequately state claims for relief. Accordingly, the Court will call for an answer to the Complaint from Defendant Sharp.

## III. Motions

### A. Motion for Service by United States Marshal

On March 7, 2008, Plaintiff filed a Motion entitled "Plaintiff Demand Court Order Waiver of Service on Defendants Pursuant to Rule 4(d) F.R.C.P." (Doc. #5), in which he seeks a service packet and appears to seek service on the Defendant by the United States Marshal. Plaintiff's Motion will be granted to the extent that this Order directs that a service packet be sent to Plaintiff and that, after the Plaintiff returns the service packet, the United States Marshal serve the Summons and Complaint upon Defendant Sharp by either waiver

1 of service or personal service.

### B. Motions to Require Defendant to Respond to Grievance

Plaintiff has filed two Motions which the Court will construe as Motions to require the Defendant to respond to Plaintiff's grievance. Plaintiff's Motions are entitled "Plaintiff Demand Court Order for Court Ordered Central Official ASPC-Eyman Referee Inmate Grievance Applies to lawsuit Exhaust Administrative Remedies" (Doc. #6), filed on March 17, 2008, and "Plaintiff Second Demand Order Court Abuse of Discretion Recognizing Defendants failed Exhaust Administrative Remedies on Serious Medical needs" (Doc. #8), filed on May 20, 2008. Both Motions will be denied because Plaintiff is required by 42 U.S.C. § 1997e(a) to exhaust available administrative remedies prior to bringing his civil rights action. Accordingly, the Court will not require non-party ADOC officials to respond to Plaintiff's grievance after Plaintiff has filed this action. In so doing, the Court declines to rule at this time whether Plaintiff exhausted all of his available administrative remedies prior to filing this action.

### C. Motion for New Notice of Assignment

On April 23, 2008, Plaintiff filed a Motion entitled "Plaintiff Demand Court Order for Correctly Magistrate Judge case above referred. L R Civ. 7.1(a)" (Doc. #7), in which he appears to allege that the Clerk of Court erred by sending him a document with the hand-written case number of this case, indicating that the case is referred to Magistrate Judge Virginia A. Mathis, when in fact it should have indicated a referral to Magistrate Judge Jacqueline J. Marshall. Plaintiff requests a new, correct Notice of Assignment. Plaintiff's Motion will be denied. The Court's docket in this case reflects that the original Notice of Assignment (Doc. #2) and an Amended Notice (Doc. #3) incorrectly indicated a referral to retired Magistrate Judge Mathis. However, another Amended Notice (Doc. #4), correctly indicated a referral to Magistrate Judge Marshall. Moreover, the docket reflects that a copy of the correct Notice (Doc. #4) was mailed to Plaintiff on February 29, 2008.

1   **IV.    Warnings**

2       **A.    Address Changes**

3   Plaintiff must file and serve a notice of a change of address in accordance with Rule
4   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
5   relief with a notice of change of address.  Failure to comply may result in dismissal of this
6   action.

7       **B.    Copies**

8   Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
9   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
10  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
11  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
12  may result in the filing being stricken without further notice to Plaintiff.

13      **C.    Possible Dismissal**

14  If Plaintiff fails to timely comply with every provision of this Order, including these
15  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
16  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
17  comply with any order of the Court).

18  **IT IS HEREBY ORDERED:**

19  (1)    "Plaintiff Demand Court Order Waiver of Service on Defendants Pursuant to
20  Rule 4(d) F.R.C.P." (Doc. #5) is **granted** to the extent that this Order directs that a service
21  packet be sent to Plaintiff and that, after the Plaintiff returns the service packet, the United
22  States Marshal serve the Summons and Complaint upon Defendant Sharp by either waiver
23  of service or personal service.

24  (2)    "Plaintiff Demand Court Order for Court Ordered Central Official ASPC-
25  Eyman Referee Inmate Grievance Applies to lawsuit Exhaust Administrative Remedies"
26  (Doc. #6), "Plaintiff Demand Court Order for Correctly Magistrate Judge case above
27  referred.  L R Civ. 7.1(a)" (Doc. #7), and "Plaintiff Second Demand Order Court Abuse of
28  Discretion Recognizing Defendants failed Exhaust Administrative Remedies on Serious

1  Medical needs" (Doc. #8) are all **denied**.

2  (3)  The Clerk of Court **must send** Plaintiff a service packet including the
3  Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
4  Defendant Jeffrey A. Sharp.

5  (4)  Plaintiff **must complete and return** the service packet to the Clerk of Court
6  within 20 days of the date of filing of this Order. The United States Marshal will not provide
7  service of process if Plaintiff fails to comply with this Order.

8  (5)  **If** Plaintiff does not either obtain a waiver of service of the summons or
9  complete service of the Summons and Complaint on Defendant within 120 days of the filing
10 of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
11 **may be dismissed**. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

12 (6)  The United States Marshal **must retain** the Summons, a copy of the
13 Complaint, and a copy of this Order for future use.

14 (7)  The United States Marshal **must notify** Defendant Jeffrey A. Sharp of the
15 commencement of this action and request waiver of service of the summons pursuant to Rule
16 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy
17 of this Order. The Marshal must immediately file requests for waivers that were returned as
18 undeliverable and waivers of service of the summons. **If** a waiver of service of summons is
19 not returned by Defendant within 30 days from the date the request for waiver was sent by
20 the Marshal, the Marshal **must**:

21 (a)  **personally serve** copies of the Summons, Complaint, and this Order
22 upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
23 (b)  within 10 days after personal service is effected, **file** the return of service
24 for Defendant, along with evidence of the attempt to secure a waiver of service of the
25 summons and of the costs subsequently incurred in effecting service upon Defendant.
26 The costs of service must be enumerated on the return of service form (USM-285) and
27 must include the costs incurred by the Marshal for photocopying additional copies of
28 the Summons, Complaint, or this Order and for preparing new process receipt and

TERMPSREF

- 5 -

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) This matter is **referred** to Magistrate Judge Jacqueline J. Marshall pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 23rd day of June, 2008.

_____
Stephen M. McNamee
United States District Judge